WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020-1095
(212) 819-8200
John K. Cunningham
Thomas E. MacWright
Ricardo M. Pasianotto
Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (admitted *pro hac vice*)

111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
(312) 881-5400
Jason N. Zakia (admitted *pro hac vice*)

*Attorneys for Antonio Reinaldo Rabelo Filho,*
as Petitioner and Foreign Representative

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 15 |
| InterCement Brasil S.A., *et al.*,[1] | Case No. 24-12291 (MG) |
| | (Jointly Administered) |
| Debtors in a Foreign Proceeding. | |

**STATEMENT NOTIFYING THE COURT OF**
**DEVELOPMENTS IN THE FOREIGN PROCEEDINGS IN**
**BRAZIL PURSUANT TO 11 U.S.C. § 1518 AND 28 U.S.C. § 1746**

Antonio Reinaldo Rabelo Filho (the "**Petitioner**" or the "**Foreign Representative**"), the duly-authorized foreign representative of InterCement Brasil S.A. ("**ICB**"), InterCement Participações S.A. ("**ICP**"), InterCement Financial Operations B.V. ("**IC Financial**"), and InterCement Trading e Inversiones S.A. ("**ITI**" and, together with ICB, ICP and IC Financial,

---

[1] The debtors in these chapter 15 cases, along with the last four digits of each debtor's tax identification number in their applicable jurisdiction of incorporation, are as follows: InterCement Brasil S.A. (01-36–Brazil); InterCement Participações S.A. (01-22–Brazil); InterCement Financial Operations B.V. (3771–Netherlands); and InterCement Trading e Inversiones S.A. (7798–Spain).

1

the "**Chapter 15 Debtors**") in the *recuperação judicial* proceeding (the "**RJ Proceeding**") commenced by the Chapter 15 Debtors and certain affiliates (the "**RJ Debtors**")[2] on December 9, 2024, before the 1st Bankruptcy and Restructuring Court of São Paulo (the "**Brazilian Bankruptcy Court**"), by and through his undersigned counsel, submits this statement pursuant to section 1518 of title 11 of the United States Code (the "**Bankruptcy Code**") to inform this Court of recent developments regarding the RJ Proceeding and the other foreign proceedings involving the Chapter 15 Debtors.[3]

**RECENT DEVELOPMENTS IN THE BRAZILIAN, SPANISH AND DUTCH PROCEEDINGS WITH RESPECT TO THE CHAPTER 15 DEBTORS**

**I.    Brazil**

1.    As previewed to this Court in the Reply filed on February 7, 2025,[4] on February 10, 2025, the Chapter 15 Debtors and certain of their affiliated RJ Debtors filed a consolidated initial RJ Plan (the "**Initial RJ Plan**") with the Brazilian Bankruptcy Court to comply with the Brazilian Bankruptcy Law that requires an initial plan proposal be filed no later than 60 days after the entry of the acceptance order by the relevant court.  A true and correct copy of the Initial RJ Plan is attached hereto as **Exhibit A.**[5]  The members of the ad hoc group of noteholders (the "**Ad Hoc Group**") and the Ad Hoc Group's advisors were presented with the

---

[2]   "**RJ Debtors**" or the "**Company**" include the Chapter 15 Debtors and affiliates InterCement Trading e Inversiones Argentina S.L. ("**ITI Argentina**"), Mover Participações S.A. ("**Mover**"), Sucea Participações S.A. ("**Sucea**"), and Sincro Participações S.A. ("**Sincro**").

[3]   Capitalized terms not otherwise defined in this statement shall have the meanings given to such terms in the *Petitioner's Declaration and Verified Petition for Recognition of the Brazilian Proceeding and Motion for Order Granting Related Relief Pursuant to 11 U.S.C. §§ 105(a), 1515, 1517, 1520, and 1521* [ECF No. 2] (the "**Verified Petition**"), the *Petitioner's Omnibus Reply on COMI Determination as of the December 9, 2024 Filing Date for Chapter 15 Debtors IC Financial and ITI,* [ECF No. 45] (the "**Reply**") and the *Declaration of Guillermo Ruiz Medrano in Support of Petitioner's Verified Petition for Recognition of the Brazilian RJ Proceeding Pursuant to 28 U.S.C. § 1746* [ECF No. 46] (the "**Supplemental Medrano Declaration**") .

[4]   "While the InterCement Group intends to file an initial draft RJ Plan on February 10, as required by the Brazilian Bankruptcy Code, this plan will be a working draft and subject to further negotiations". *See Reply* at 9, n.38.

[5]   Parent entity Mover was not included in the consolidated plan of the Chapter 15 Debtors and certain other affiliated RJ Debtors. Accordingly, for reference, also attached as **Exhibit B** is a true and correct copy of the initial RJ plan filed by Mover.

2

materials terms of the Initial RJ Plan before it was ultimately filed in the Brazilian RJ Proceeding.

2. As is routinely the case in Brazil, the Initial RJ Plan is a draft proposal by the RJ Debtors and an invitation to its creditors to negotiate its terms. The expectation here, as has been the case in almost all large Brazilian restructuring proceedings, is that the Initial RJ Plan will change materially following negotiations with creditors. If and when those modifications are made the RJ Debtors will file with this Court an amended version of the RJ Plan as filed with the Brazilian Bankruptcy Court. The RJ Debtors will also schedule in Brazil a formal general creditors' meeting (a "**GCM**") where creditors can consider the amended restructuring terms.[6] As the GCM is held live (whether in-person or virtually), the terms of the proposed RJ Plan can and normally are further modified per negotiations with creditors before the RJ Debtors solicit a vote from creditors. Moreover, particularly in large complex and contentious Brazilian cases, the GCM is often adjourned multiple times with the consent of creditors to allow the RJ Debtors and their stakeholders further time to negotiate the RJ Plan.

3. After months of discussions and interactions between their advisors (which included responses to hundreds of diligence requests for information), in February 2025 the members of the Ad Hoc Group executed non-disclosure agreements to negotiate directly with the Chapter 15 Debtors. The parties met on February 7, 2025, where ICP's management team in Brazil gave a presentation on the InterCement Group's business plan, presented the material terms of the Initial RJ Plan and encouraged the Ad Hoc Group to provide a counterproposal.[7] Since then, the Ad Hoc Group has refused to engage in any negotiations over the terms of the Initial RJ Plan or provide a counterproposal; instead, their advisors have communicated that

---

[6] The Brazilian Bankruptcy Law also allows for debtors to solicit votes prior to the GCM and, if the favorable votes by requisite majorities are obtained in writing, the RJ plan can be submitted for confirmation without need for the GCM to occur.

[7] ICP's management team made clear to the members of the Ad Hoc Group present at the meeting on February 7 that the RJ Debtors would entertain any proposals made by the Ad Hoc Group and other creditors.

3

the Ad Hoc Group would prefer to advance their position by litigating against the RJ Debtors in every possible jurisdiction. Despite the Ad Hoc Group's position, the Chapter 15 Debtors have continued to promptly respond to the Ad Hoc Group's many diligence requests and stand ready to engage in further negotiations.

4. On March 11, 2025, the RJ Debtors filed a motion in the Brazilian RJ Proceeding with the Brazilian Bankruptcy Court for sanctions (the "**Sanctions Motion**") against the Ad Hoc Group and UMB Bank, N.A., as the indenture trustee to the NY Notes (the "**Indenture Trustee**"), for continuing to prosecute the bankruptcy request against IC Financial in Netherlands in breach of the RJ Stay. *See AHG Notice* at 3, Ex. D. Both parties are actively participating in the Brazilian RJ Proceeding and have submitted to the jurisdiction of the Brazilian Bankruptcy Court. Consequently, the RJ Debtors believe that it is inappropriate for the Ad Hoc Group and Indenture Trustee to pursue litigation and the commencement of alternative plenary insolvency proceedings in other jurisdictions that are designed to undermine the Brazilian Bankruptcy Court's authority to administer the Brazilian RJ Proceeding and the RJ Debtors' ability to ultimately restructure their debts.

5. On March 13, 2025, the Brazilian Bankruptcy Court entered an order directing the Ad Hoc Group to file a response within 5 days, and thereafter the Judicial Administrator and Public Prosecutor will have an opportunity to file their opinions before the Brazilian Bankruptcy Court rules on the Sanctions Motion. *Id*.

6. The Foreign Representative will keep this Court apprised of further events in the Brazilian Bankruptcy Proceeding, including the filing of any modified RJ Plan and the Brazilian Bankruptcy Court's decision on the Sanctions Motion.

**II.    The Netherlands**

7. The "cooling-off period" in IC Financial's WHOA proceeding in the Netherlands expired on March 1, 2025. Following the expiration of the cooling off period, on March 3,

4

2025, the Dutch Court scheduled a hearing to consider the bankruptcy petition filed by certain members of the Ad Hoc Group for April 1, 2025. Subsequently, on March 10, 2025, the Dutch Court scheduled a separate hearing for March 14, 2025 (the "**March 14 Hearing**"), to discuss the continued appointment of the Dutch Observer with respect to IC Financial. At the March 14 hearing, the Dutch Court heard presentations from all parties on the issue and has indicated that it will enter a decision on the appointment of the Dutch Observer within two weeks' time.

8. The Foreign Representative will inform this Court of further developments concerning IC Financial in the Netherlands, including the Dutch Court's decision with respect to the bankruptcy petition filed by the Ad Hoc Group.

**III. Spain**

9. As previously disclosed to this Court, ITI and its subsidiary ITI Argentina (the "**Spanish Debtors**") filed a motion in Spain to recognize the RJ Proceeding as their foreign main proceeding (the "**Spanish Recognition Request**"), which was later granted by the Spanish Court on January 17, 2025 (the "**Spanish Recognition Order**"). *See Certified Translation of Spanish Recognition Order* [ECF No. 34-1]. As disclosed by the Ad Hoc Group, their members have filed an appeal of the Spanish Recognition Order. *See Notice of Developments in Foreign Proceedings* [ECF No. 54] (the "**AHG Notice**").[8] The Spanish Debtors are preparing their response to the Ad Hoc Group's appeal and will file those papers with the Spanish Court in due course. The Spanish Recognition Order will remain effective until the final adjudication of the Ad Hoc Group's appeal.

---

[8] The AHG Notice also states that the Foreign Representative failed to disclose in its previous 1518 statement that the Spanish Recognition Order was issued by a different commercial court in Bilbao than the one which presided ITI's previous pre-insolvency proceeding. The Ad Hoc Group also argued in its objection to recognition, that the Foreign Representative engaged in forum-shopping in Spain. This statement is misleading. These issues were comprehensively addressed in the Reply and the Supplemental Medrano Declaration, which explain that ITI filed Spanish Recognition Request pursuant to the procedures set forth by Spanish courts and had no influence over court that was randomly assigned to the case. *See Reply* at 5, n.20, *Supplemental Medrano Decl.* at ¶¶ 6-11.

5

10. The Foreign Representative will inform this Court of any further developments with respect to ITI in Spain, including any rulings with respect to the Ad Hoc Group's appeal.

## RESPONSE TO AD HOC GROUP'S NOTICE

11. On March 12, 2025, counsel to the Ad Hoc Group filed the AHG Notice with the Court containing certain information regarding the Chapter 15 Debtors in Brazil, Spain and the Netherlands. In the AHG Notice, counsel to the Ad Hoc Group claims that the Foreign Representative has failed to "promptly" provide the updates to this Court that are statutorily required under section 1518 of title 11 of the Bankruptcy Code. *AHG Notice,* 1, 2 n.2-3.[9] That accusation is not true. The Foreign Representative has timely complied with all of his duties as required under both the Bankruptcy Code and Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), has provided more information than is required by statute, and will continue to do so in accordance with section 1518 of the Bankruptcy Code, and as directed by the Court.

12. Section 1518 of the Bankruptcy Code requires a foreign representative of a foreign proceeding to file a notice of change of status concerning "any substantial change in the status of such foreign proceeding" and "any other foreign proceeding regarding the debtor that becomes known to the foreign representative". *See* 11. U.S.C. §1518. None of the developments informed in the AHG Notice—the filing of an appeal by the Ad Hoc Group in Spain against the Spanish Recognition Order, the filing of a statement by the Observer appointed by the Dutch Court in the WHOA or the filing of the Sanctions Motion—constitute a "substantial change in the status" of the RJ Proceeding or a "change of status" for any other

---

[9] Counsel to the Ad Hoc Group contacted counsel to the Foreign Representative on March 10, 2025 and March 12, 2025 to ask whether the Foreign representative intended to file a section 1518 statement with the Court. Counsel responded that the Foreign Representative would comply with his duties to file a section 1518 statement shortly. But because on March 12, 2025, the Dutch Court scheduled the March 14 Hearing on the continued appointment of the Dutch Observer (as explained in more detail above), the Foreign Representative thus determined to wait for the outcome of the March 14 Hearing to file its 1518 update so that it could provide the Court with a substantive update.

proceedings. The Foreign Representative has promptly kept the Court apprised of all relevant court orders in the various foreign proceedings. The filing of objections or appeals in such proceedings generally do not constitute a "change of status" that require an update statement to be filed under section 1518 of the Bankruptcy Code.

13. Additionally, the Foreign Representative acted promptly in providing this update.[10] All of the orders referenced herein in the various pending proceedings were entered fewer than 14 days before today. Furthermore, the Sanctions Motion was filed only one day before and the Brazilian Bankruptcy Court's order setting a briefing schedule was issued just hours before the AHG Notice was filed. The AHG's claim that the Foreign Representative breached a statutory duty by failing to alert the Court within mere hours of these matters occurring is not accurate.

14. As stated above, the Foreign Representative will continue to comply with his reporting duties under the Bankruptcy Code as well as directed by the Court including this Court's Order dated March 13, 2025, [ECF No. 55] and will inform this Court of any relevant developments with respect to the Brazilian RJ Proceeding and other foreign proceedings related to the Chapter 15 Debtors.

*[The remainder of this page left intentionally blank.]*

---

[10] Although this Court has not yet granted foreign recognition, Bankruptcy Rule 2015(e) provides that updates under section 1518 of the Bankruptcy Code in cases where the court has granted foreign recognition shall be filed "within 14 days after the date when the representative becomes aware of the subsequent information."

Dated: March 14, 2025
New York, New York

                         Respectfully submitted,

                    By:  */s/ John K. Cunningham*
                         John K. Cunningham

**WHITE & CASE LLP**
1221 Avenue of the Americas
New York, New York 10020-1095
(212) 819-8200
John K. Cunningham
Thomas E. MacWright
Ricardo M. Pasianotto
jcunningham@whitecase.com
tmacwright@whitecase.com
ricardo.pasianotto@whitecase.com


Southeast Financial Center
200 South Biscayne Blvd., Suite 4900
Miami, Florida 33131
(305) 371-2700
Richard S. Kebrdle (admitted *pro hac vice*)
rkebrdle@whitecase.com

111 South Wacker Drive, Suite 5100
Chicago, Illinois 60606
(312) 881-5400
Jason N. Zakia (admitted *pro hac vice*)
jzakia@whitecase.com

*Attorneys for Antonio Reinaldo Rabelo Filho,*
    *as Petitioner and Foreign Representative*